**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| VS. | * | CRIMINAL NO. CR-18-00048-KD |
| | * | |
| PATRICK O. MILLER, | * | |
| | * | |
| Defendant. | * | |

**SENTENCING MEMORANDUM**

NOW COMES the Defendant, Patrick O. Miller, by and through undersigned counsel, and hereby respectfully submits his Sentencing Memorandum in aid of sentencing.

## I. INTRODUCTION

This is a straight forward case, legally speaking: the facts are not disputed; the statutory minimum mandatory is not disputed; the guidelines are not disputed; the sentencing options the court has are not disputed. The parties have entered a written plea agreement as to a recommended sentence, and the United States has agreed to recommend a sentence to the minimum mandatory. Even if the court were so inclined, there is no authority to impose a sentence below the statutorily required minimum of 84 months.

The defendant requests, therefore, that the Court impose the sentence as agreed between the parties. He further requests that this Court give credit for the one-month time served in the Baldwin County jail following his arrest on the related state robbery charge:

DC-18-24 (December 28, 2017 to January 26, 2018). He also requests that this Court recommend that the U.S. BOP give an additional 9 months 14 days jail credit toward the service of his custodial prison sentence for the time spent at Burning Tree Ranch awaiting sentencing. In support of said requests, Defendant submits the following mitigating factors for consideration:

## II. SECTION 3553 FACTORS

The Court should exercise its authority to impose a sentence fully consistent with §3553 which requires a sentencing court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of federal sentencing. Defendant submits that the requested sentence and recommendation to BOP are in accordance with the mandates of §3553, and suggests that there are multiple factors that would otherwise support consideration of a downward departure or variance by the Court, if not otherwise constrained by a minimum mandatory requirement. Defendant will only briefly address those herein, offered solely as mitigation, and presents same for the purpose of supporting the request for jail credit while in Baldwin County jail and a recommendation to BOP for custody credit while in Burning Tree.

*Aberrant Behavior. §5K2.20*

As attested to by his many friends and family, it is without question that this offense was an isolated, uncharacteristic act committed by an otherwise law abiding and good natured Patrick Miller. Aside from his severe addiction and the illegal substances that fueled it, which is not discounted, he has led a charmed, exemplary life. He has no prior arrests and no criminal history points. This was a one-time, short duration event that

clearly had little to no planning. It was a sad, desperate and admittedly dangerous act by a drug addict who had hit rock bottom.

The weapon he possessed was tucked in his waistband and covered by a long, draping sweatshirt, and was not "otherwise used" as defined in the application notes of §1B1.1. Indeed, he lifted the front of his sweatshirt for no more than one second to barely expose the butt end of a small caliber weapon, yet that one second added two additional years to the minimum mandatory sentence. The weapon was merely possessed and remained in his waistband, was never pulled out, brandished, waived about, pointed or discharged. As such, he would not be precluded from consideration of a downward departure for aberrant behavior. Even with his severe addiction, the offense is unfathomable to those that know him. His family and friends remain in shock as to how and why Patrick committed the offense.

*Third Party Submissions: Letters of Support*

Rule 32(i)(4) of the Federal Rules of Criminal Procedure permits a defendant the opportunity to present any information to mitigate the sentence. Such exhibits have already been referenced and are provided for the Court's consideration in determining the appropriateness of Defendants request for jail credit. The letters range from family to friends and describe a young man known as a "good man", a football star who is kind, caring, loyal, and conscientious. A teammate recalls "dozens of times" that Patrick took time to help random strangers, and a specific time he protected a vulnerable young woman that others were trying to take advantage of. His uncle notes how he was always so kind and patient with the kids wanting his autograph at games, and equally loving and respectful of adults. He is admired for his "faith in God" that has helped him

get through his difficult times. His friends and family have firsthand observed his extreme remorse for his conduct, and that he acknowledges that his drug use and addiction are the architects of ruin.

Patrick has the support of a large extended family who love to gather on special occasions to share joys and occasionally sorrows. They fully support Patrick and stand behind him now in his time of need.

*Patrick Miller's Low-Risk to re-offend*

The Sentencing Commission created U.S.S.G. §5K2.0 to allow the Court to use its discretion in determining which cases are sufficiently different to warrant a sentence different from that produced by the calculation of the guideline range. The Sentencing Commission in its report, "Recidivism and the 'First Offender'" notes that of all those who fall within Category I, those like Patrick with zero points and no prior arrests have the lowest recidivism rate of all:

> The analysis [of empirical data on re-offending] delineates recidivism risk for offenders with minimal prior criminal history and shows that the risk is lowest for offenders with the least experience in the criminal justice system. Offenders with zero criminal history points have lower recidivism rates than offenders with one or more criminal history points. Even among offenders with zero criminal history points, offenders who have never been arrested have the lowest risk of all.

Report of United States Sentencing Commission, "*Recidivism and the 'First Offender*,'" at 17 (May 2004) (reporting that offenders with no prior arrests have a recidivism rate of 6.8% whereas offenders with prior arrests but no prior convictions have a recidivism rate of 17.2%).

Since Patrick's lack of any prior arrests places him at much lower risk of recidivism than others in Criminal History Category I, a downward variance might be

warranted. See *United States v. Huckins*, 529 F.3d 1312, 1319 (10th Cir. 2008) ("[A] district court may weigh a defendant's lack of a criminal record, even when the defendant has been placed into a criminal history category I, in is § 3553(a) analysis.").

*Pre-Sentencing Rehabilitation: Burning Tree Ranch*

On January 26, 2018, Defendant was granted bond on the condition that he commit himself to the Burning Tree Ranch, a long term residential drug treatment facility in Kaufman, Texas.[1] Upon his Indictment in this Court, Defendant was allowed to remain at the in-patient program at Burning Tree on the condition that he remain there at all times and comply with all policies and regulations of that treatment facility.

The Burning Tree Ranch is a pre-eminent drug and alcohol rehabilitation facility that is recognized nationally and licensed in the State of Texas. Their residential drug treatment program is unique in that it goes beyond a superficial analysis and treatment of addiction. They conduct in depth assessment and analysis to determine all possible factors that play a role. Expert evaluation from qualified healthcare professionals is the first step in developing a successful therapeutic program. Once concluded, an individualized program is created with objectives and milestones that are clear and tailored to the patient. Each patient progresses through the program at his or her own pace, and is afforded the opportunity to fully understand addiction and how it has come to dominate in the way it has. None of their patients are released from their long term drug rehab program until all conditions have been met and they are sure they are ready to return to a normal life. When an individual leaves the formal program, he or she is directed to an extensive after care support network to reinforce what was learned and to help when times get tough.

---

[1] https://www.burningtreeranch.com/

Patrick has been monitored and counseled by Mr. Carey Ferren, LCDC, and an Asst. Clinical Director at Burning Tree. Mr. Ferren has submitted a report which describes the program, Patrick's participation, and the restrictions placed on patients in the program.

## III. CONCLUSION AND REQUEST FOR SPECIFIC SENTENCE

Based on the foregoing reasons and any other that may be considered by the Court, the sentence requested in this case is the mandatory minimum of 84 months less the one month he was incarcerated in the Baldwin County jail for a sentence of 83 months. Defendant further requests that the Court recommend that BOP award custody credit for the time he spent in Burning Tree Ranch, from January 26, 2018 to November 9, 2018. Such a sentence will fully and adequately satisfy the statutory mandates set forth in §3553(a), and comply with the sentencing objectives

Respectfully submitted,

*s/GORDON ARMSTRONG*
Gordon G. Armstrong, III
Attorney at Law
P.O. Box 1464
Mobile, Alabama 36633
Telephone: 251-434-6428
gga3@arserv.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4h day of November, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the U.S. Attorney and all counsel of record in this matter.

*s/GORDON ARMSTRONG*
Gordon G. Armstrong, III